# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLENE FEMMININEO,

    Plaintiff,

v.

Case No. 13:    -cv- -

Hon. _____

Mag. _____

DANE SLATER, in his individual capacity and official capacity;

JIM CAMPBELL, in his individual capacity and official capacity;

WADE FLEMING, in his individual capacity and official capacity;

DAVE HENDERSON, in his individual capacity and official capacity;

MAUREEN MCGINNIS, in her individual capacity and official capacity;

ED PENNINGTON, in his individual capacity and official capacity;

DOUG TIETZ, in his individual capacity and official capacity;

CITY OF TROY; and TROY CITY COUNCIL;

    Defendants.

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

_____/

**COMPLAINT**

PLAINTIFF, CHARLENE FEMMININEO, by and through her attorney, Andrew A. Paterson, for her Complaint for Declaratory Judgment and Injunctive Relief, states and alleges the following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the First and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; and the Michigan Open Meetings Act (1976 PA 267, MSA §15.261 et seq.) This Court has jurisdiction over Plaintiff's claims as an action arising under federal law, 28 U.S.C. § 1331; as a suit to redress deprivations of her rights, privileges, and immunities secured by the United States Constitution and by federal law, 28 U.S.C. § 1343(3), (4); and as a pendent jurisdictional claim under state (Michigan) law.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because all of the events or omissions giving rise to the claims occurred within this district. The events complained of herein specifically happened as Plaintiff was attending public meetings in the City of Troy, Michigan, within the Eastern District of Michigan.

### PARTIES AND COMMON ALLEGATIONS

3. Plaintiff, Charlene Femminineo, is an American citizen and a resident of the City of Troy, Michigan.

4. Defendant Troy City Council ("**Defendant City Council**"), in accordance with the City of Troy's Home Rule City Charter ("**City Charter**"), is the duly elected 7-member local legislative and governing body for the Defendant City of Troy ("**Defendant City**") that is charged with and exercises governmental and proprietary authority. Individual Defendants: Dane Slater, Jim Campbell, Wade Fleming, Dave Henderson, Maureen

Mcginnis, Ed Pennington, Doug Tietz are the duly elected 7 members of Defendant City Council (sometimes herein the "**Individual Defendants**").

5. The Defendant City Council is a "public body" as defined by MCL §15.262(a) of the Michigan Open Meetings Act (1976 PA 267, MSA §15.261 et seq, "**OMA**") which public body is required to strictly adhere to and comply with the OMA's provisions. See, *People v Whitney*, 228 Mich App 230, 242 (1998) ("Unquestionably, the [city] council is a public body.")

6. Defendant City Council has established "Rules of Procedure for the City Council, City of Troy, Michigan, Adopted: January 28, 2013" ("**Rules of Procedure**") and they provide therein, *inter alia*, a form of Agenda to be used for each of Defendant City Council's Regular Meetings. This proscribed form of Agenda for Defendant City Council's Regular Meetings, provides for Public Comment by members of the public both on identified Agenda items and separately public comment is invited on Non Agenda items. (See, **Rules of Procedure, Rule 7:"F.** Public Comment for Items On the Agenda– In accordance with the Rules of Procedure of the City Council, Rule Number 17 - Members of the Public and Visitors" and **Rules of Procedure, Rule 7:**"**L**. Public Comment for Items Not on the Agenda – In accordance with the Rules of Procedure of the City Council, Rule Number 17 – Members of the Public and Visitors".)

7. **Rules of Procedure Rule 17** states that "*Any member of the public, not a petitioner of an item, shall be allowed to speak for up to three (3) minutes total to address Postponed, Regular Business, Consent Agenda or Study items or any other item on the Agenda as permitted under the Open Meetings Act during the Public Comment for Items On the Agenda portion of the Agenda.* And **Rule 17** further provides: "*Any member of the public,*

*not a petitioner of an item, shall be allowed to speak for up to three (3) minutes to address **any topic** not on the Agenda as permitted under the Open Meetings Act during the Public Comment for Items Not on the Agenda portion of the Agenda"* (emphasis added).

8. City Council meetings are a "limited public forum," defined as "public property which the state has opened for use by the public as a place for expressive activity." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45, 103 S.Ct. 948, 955, 74 L.Ed.2d 794 (1983); *see also* White v. City of Norwalk, 900 F.2d 1421, 1425 (9th Cir.1990) (holding a city council meeting to be a limited public forum); M.C.L. §§ 15.262, 15.263(5) (including a city commission under the definition of a "public body" under the OMA and stating that "[a] person shall be permitted to address a meeting of a public body under rules established and recorded by the public body"). As a limited public forum, "[r]easonable time, place and manner regulations are permissible, and a content-based prohibition must be narrowly drawn to effectuate a compelling state interest." *Perry* at 46, 103 S.Ct. at 955.

9. Plaintiff is a "person" who has standing to commence this action under §11(1) of the OMA (MCL §15.271(1)), as a "person": *"If a public body is not complying with this act,* the attorney general, prosecuting attorney of the county in which the public body serves, **or a person** *may commence a civil action to compel compliance or to enjoin further noncompliance with this act."* (emphasis added.)

**The meetings of the Defendant City Council are subject to the OMA, as the Defendant City Council has so recognized, in its Rules of Procedure. At the December 3, 20102 meeting, during the period that was reserved for public comment on items not on the agenda, Plaintiff arose and went to the podium to make her comments. She began by stating that she had been told that her public remarks from the prior Defendant City Council regular meeting had been stricken from the City's rebroadcast of the meeting. Plaintiff then proceeded to make remarks about the poor treatment received by the former Troy mayor. Plaintiff next remarked about the $40,000.00± that went missing**

**from the Defendant City of Troy, Police Department's secured evidence room (a 'drug forfeiture money' disappearance that has been the subject of an investigation by the Oakland County Sheriff). Whereupon, the Defendant Slater interrupted Plaintiff and told her to stop speaking, and to sit down. See,**
**http://www.youtube.com/watch?v=1gwSQPa-mfM** (City Council Meeting December 3, 2012 Part 2 Troy Michigan)

10. The content of her speech – missing money belonging to the Defendant City of Troy – plainly appeared to influence Defendant Slater's decision to stop Plaintiff's speech. It appeared to so influence Defendant Slater because, prior to becoming a city council member and acting mayor, Defendant Slater served as an officer in the City of Troy's Police Department. Defendant Slater appears to not want such topic publicly discussed or remarked upon.

11. None of the other Individual Defendants spoke or objected to Defendant Slater's actions suppressing Plaintiff's speech when the topic became the missing money.

12. The Defendants have a practice of broadcasting the Defendant City Council meetings on the local government channel of the cable television system servicing Troy and then a internet video is posted and made available. Plaintiff's comments/questions at the November 26, 2012 Defendant City Council meeting were admittedly edited out of the rebroadcast of the video and the internet video, and the Defendants' meeting minutes of the do not reflect her speaking at any November or December 2012 meetings. See, Minutes of December 3, 2012 meeting and November meetings at http://troymi.gov/LibertyDocument.aspx?folderGuid=C4118A6CEF43493BB93C833A15B3F6C3&documentGuid=EEF3310FD6B9466DB7CC3DFE511E2C7E&page=1&title=Minutes

13. Plaintiff, by her attorney, now challenges the conduct of Defendants as a violation of her rights under the 1st Amendment to the United States Constitution ("**1st Amendment**"); under and pursuant to 42 U.S.C. § 1983(R.S. § 1979; Pub. L. 96–170, § 1,

Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853 "**42 U.S.C.§1983**".); and under the Michigan Open Meetings Act(1976 PA 267, MSA §15.261 et seq, "**OMA**")

14. **42 U.S.C. § 1983** reads:

    **Civil action for deprivation of rights**

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

15. **MCL 15.263(5)** reads in relevant part:

    **Meetings, decisions, and deliberations of public body; requirements; attending or addressing meeting of public body; tape-recording, videotaping, broadcasting, and telecasting proceedings; rules and regulations; exclusion from meeting; exemptions.**

    (5) A person shall be permitted to address a meeting of a public body under rules established and recorded by the public body.

17. Defendants' Rules of Procedure Rule 17 permitted the Plaintiff to address "any topic."

18. The Defendants' suppression of Plaintiff's First Amendment right to free speech

in a public forum is a violation of 42 U.S.C. § 1983, is a violation of Defendants' own Rules of Procedure and the OMA.

## COUNT I

19. Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if fully set forth herein.

20. Defendant Slater, the Defendant Individuals and the Defendant City Council, were all acting within the scope of their public office for the Defendant City of Troy, at all times relevant to this complaint.

21. Defendant Slater stopped Plaintiff's speech and remarks because of the content of Plaintiff's speech being a topic he determined inappropriate and not wanted or warranted.

22. Defendant City of Troy is liable for the unlawful acts of its City Council members, agents and employees directly and/or under the doctrine of *respondeat superior*. In stopping Plaintiff's speech, Defendant City of Troy engaged in intentional violation of Plaintiff's First Amendment rights and her rights as a citizen to publicly address the Defendant City Council under the OMA. *Gault v City of Battle Creek*, 73 F.Supp.2d 811 (1999).

23. Defendant's actions deprived Plaintiff of the right to speak on matters of public interest in violation of 42 U.S.C. § 1983 and the Michigan OMA.

24. Defendants acted under color of law and in the performance of their official duties under state, county, or municipal laws, ordinances, or regulations and are redressable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). ["The court holds that the rationale of *Bivens* may, in a proper case, be

applied to violations of the first as well as the fourth amendment. See *Yiamouyiannis v. Chemical Abstracts Service,* 521 F.2d 1392, 1393 (6th Cir. 1975). ("We recognize that *Bivens* dealt with a Fourth Amendment violation, but its logic appears to us to be equally applicable to a First Amendment violation.")]

## COUNT II

25. Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if fully set forth herein.

26. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, which is applicable to state government under the Fifth Amendment, guarantees all persons equal protection of the laws.

27. Defendants, who are elected officials of the Defendant City of Troy acted under color of law and in the performance of their official duties under state, county, or municipal laws, ordinances, or regulations in stopping Plaintiff's speech.

28. Defendants' conduct violated Plaintiff's clearly established constitutional right to equal protection of the laws of the United States.

29. Defendants acted with reckless indifference or callous disregard for Plaintiff's right to equal protection of the laws.

30. These violations, as committed by elected officials of the Defendant City of Troy, are redressable under 42 U.S.C. § 1983. These violations, as committed by Individual Defendants are redressable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

## COUNT III

31. Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if fully set forth herein.

32. The Michigan Court of Appeals has determined, and held, that the OMA provides three distinct types of relief. *Leemreis v Sherman Twp*, 273 Mich App 691, 699-700; 731 NW2d 787, 792 (2007)("Reading the OMA as a whole, it appears that these sections, and the distinct kinds of relief that they provide, stand alone.") The Court determined in *Leemreis* that:

> "[1] MCL 15.270(1) permits a person to 'commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.' Under this section, a person can seek invalidation of the decision and there is no provision for costs or attorney fess.
> [2] MCL 15.271(1) permits a person to 'commence a civil action to compel compliance or to enjoin further noncompliance with this act.' Under this section, a person who commences a 'civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act' and obtains 'relief in the action' shall recover costs and attorney fees for the action.
> [3] MCL 15.271(4). MCL 15.273 permits a person to bring a claim against a public official for an intentional violation of the OMA and, if the public official did intentionally violate the OMA, he or she is liable for actual and exemplary damages of not more than $500 total 'plus court costs and actual attorney fees to a person or group of persons bringing the action.' MCL 15.273(1).
> None of these sections refers to either of the other sections. Reading the OMA as a whole, it appears that these sections, and the distinct kinds of relief that they provide, stand alone." *Leemreis v Sherman Twp*, *supra*, at 699-700.

33. A violation of the OMA by Defendant City Council and its members, the

Individual Defendants, occurs, as heretofore alleged with specificity, by suppressing Plaintiff's speech. Plaintiff alleges that the Defendant City Council and its members, the Individual Defendants, has taken such actions and they are violative of the OMA

34. Accordingly, Plaintiff has filed this civil action pursuant to MCL 15.271 of the OMA, alleging that Defendant City Council violated the OMA; and the Plaintiff is seeking: the Court's Declaration that Defendant City Council so violated the OMA; the Court's injunction against further OMA violations.

35. "[T]he purpose of the [Open Meetings Act] is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of the public concern." *Kitchen v Ferndale City Council*, 253 Mich App 115, 125; 654 NW2d 918 (2002).

36. By suppressing Plaintiff's speech issues of public concern are not permitted to be addressed to the Defendant city Council in violation of the OMA.

### COUNT IV

37. Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if fully set forth herein.

38. Plaintiff is entitled to receive her *"courts costs and actual attorney fees for the action"* pursuant to §11(4) (MCL 15.271.11(4)) of the OMA. It reads:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover courts costs and actual attorney fees for the action.

39. The award of attorney fees and costs by the Court is **mandatory** upon a finding of a violation of the Open Meetings Act and has been so held and affirmed in *Craig v. Detroit Public Schools Chief Executive Officer,* 265 Mich App 572 (2005), and see, *Kitchen v. Ferndale City Council,* 253 Mich App 115; 654 N.W.2d 918 (2002).

40. That Plaintiff is so entitled to such recovery whether or not there is a proof of injury or whether or not there is an issuance of an injunction under the Open Meetings Act as so held in *Herald Co., Inc. v. Tax Tribunal*, 258 Mich App 78; 669 NW2d 862 (2003).

41. Plaintiff is also entitled to receive her costs and attorney fees pursuant to 42 U.S.C. § 1988.

42. Accordingly, Plaintiff seeks an award from the Court against Defendant for payment of her costs and attorneys fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Charlene Femminineo, respectfully requests that this Court:

1. Declare that Defendants violated Plaintiff's First Amendment rights to free speech under 42 U.S.C. § 1983, and violated her rights to such speech under the Michigan OMA.

2. Declare that Plaintiff's constitutional rights to equal protection of the law under the First Amendment have been violated;

3. Award Plaintiff compensatory damages for the rude treatment she suffered and the distress she endured as a result of Defendants' unlawful conduct;

4. Award Plaintiff punitive damages against the Individual Defendants and Defendant City of Troy for their unlawful conduct;

5. ISSUE an INJUCTION to compel the Defendant City Council's compliance and enjoin further noncompliance with the 1st Amendment and the OMA;

6. Award Plaintiff her costs and actual attorneys' fees pursuant to 42 U.S.C. § 1988 and to the OMA, and

7. Grant any other relief the Court deems appropriate.

Respectfully Submitted,

__S/ Andrew A. Paterson____
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712
aap43@outlook.com

April 3, 2013